| | | |
|---|---|---|
| **JOSHUA WALKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **CHIPP BAILEY,** | ) | |
| **ROY COOPER,** | ) | |
| **STATE OF NORTH CAROLINA,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on a status review of Plaintiff's Complaint, (Doc.

No. 1), and on Plaintiff's Motion to Transfer Case, (Doc. No. 2).

## I.     BACKGROUND

Pro se Plaintiff was a pre-trial detainee incarcerated at the Mecklenbury County Jail when

he filed this action on July 28, 2014.  The Court's docket report indicates that Plaintiff has since

then been released from the jail.  In this action, Plaintiff contends that he was being illegally

detained because he was not subject to arrest or to state criminal charges based on his citizenship

as a Moorish American National.[1]  See (Doc. No. 1 at 6).  Plaintiff has named as Defendants

Mecklenburg County Sheriff Chipp Bailey, North Carolina Attorney General Roy Cooper, and

the State of North Carolina.

## II.     DISCUSSION

Plaintiff filed this action in the Eastern District of North Carolina on July 28, 2014, and

the action was transferred to this Court on September 9, 2014.  On that same day, the Clerk of

---

[1]  Plaintiff filed this action as a "petition for writ of habeas corpus" pursuant to 28 U.S.C. §
2254, but it is in substance a civil action brought under 42 U.S.C. § 1983.

this Court entered an order stating that the Complaint is deficient because Plaintiff has failed to pay the filing fee or file a motion to proceed in forma pauperis. Plaintiff has not yet cured the deficiencies in the Complaint. Therefore, the action is subject to dismissal without prejudice for failure to prosecute this action.

Even if Petitioner were to cure the deficiencies in the Complaint, this action is subject to dismissal with prejudice as frivolous. Plaintiff's claim that his status as a Moorish citizen renders him not subject to the laws of the United States and the individual States is wholly frivolous. See Caldwell v. Wood, No. 3:07cv41, 2010 WL 5441670, at *17 (W.D.N.C. Dec. 28, 2010) ("The suggestion that Petitioner is entitled to ignore the laws of the State of North Carolina by claiming membership in the 'Moorish-American' nation is ludicrous.") (unpublished) (collecting cases). Therefore, rather than dismissing this action without prejudice for failure to prosecute, this action will be dismissed with prejudice because, even if Plaintiff were to cure the deficiencies and re-file, the action would nonetheless be subject to dismissal as frivolous.

## III.    CONCLUSION

In sum, for the reasons stated herein, the Court dismisses this action with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1.  This action is **DISMISSED** with prejudice as frivolous and, alternatively, for failure to prosecute.

2.  Plaintiff's Motion to Transfer Case, (Doc. No. 2), is **DENIED** as moot.

Signed: October 7, 2014

Frank D. Whitney
Chief United States District Judge